CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
11/8/2020
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| **TERA DUDIS,** *Plaintiff* | ) ) ) |
| v. | ) ) ) CIVIL CASE NO. 6:20CV00073 |
| **CENTRA HEALTH, INC.,** *Defendant.* | ) ) ) JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Tera Dudis, moves for judgment against Defendant, Centra Health, Inc.; and as grounds therefore, states as follows:

### SUMMARY

1. This is a suit for retaliation and constructive discharge authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 42 U.S.C. §2000e-5(f) and 28 U.S.C. §1343(a)(4).

3. Venue is proper in the Court and in its Lynchburg Division because all acts relevant to this Complaint occurred in the City of Lynchburg and within the Western District of Virginia.

### FACTS

4. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission; received a notice of right to sue dated September 1, 2020; and files this action within 90 days of receipt of the notice of right to sue.

5. Defendant Centra Health, Inc. is a non-stock Virginia corporation doing business across central and southern Virginia. Its registered agent is Holly Trent.

6. Plaintiff was hired by Defendant, as a Senior Medical Physicist, on or about July 26, 2016.

7. On or about November 20, 2019, Plaintiff engaged in protected activity when she made a sexual harassment complaint to her supervisor, Stephen Terry, the Director of Physics; and Dr. Joy Hilliard, Radiation Oncologist. Plaintiff complained that she was being sexually harassed by a co-worker.

8. On November 24, 2019, Plaintiff memorialized her sexual harassment complaint in writing directed to Jennifer Kellogg, Defendant's HR Senior Business Partner.

9. On November 25, 2019, Mr. Terry, the Director of Physics, and Carol Riggins, the Managing Director of the Cancer Center, took Plaintiff's employment badge; removed her access to her work computer and network; and ordered her to leave the premises.

10. On November 27, 2019, Defendant advised Plaintiff that she was suspended without pay. The duration of the suspension was not specified.

11. On December 2, 2019, Plaintiff received a call from LaRoya Eanes-Walton, HR Generalist, advising Plaintiff that the decision to suspend her had been reversed and she could return to work.

**CAUSE OF ACTION**

12. Defendant violated Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.* by suspending Plaintiff for making a complaint of sexual harassment. There was no legitimate reason to suspend the Plaintiff's employment.

13. The employment suspension was imposed with malice or reckless deliberate indifference to the federally protected rights of Plaintiff.

14. Immediately following the unlawful suspension, and in a deceitful effort to justify the suspension as motivated by something other than reprisal for protected activity, Defendant concocted a bogus investigation of Plaintiff for alleged workplace infractions. This bogus investigation was a pretext for unlawful retaliation and did not result in any disciplinary action against Plaintiff.

15. Defendant's conduct was outrageous and intolerable.

16. Plaintiff was constructively discharged, i.e., she was forced to resign on February 4, 2020.

## DAMAGES

17. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer loss of pay and benefits; has suffered and continues to suffer damage to her professional reputation; and has suffered and continues to suffer severe emotional distress.

18. As a direct and proximate result of Defendant's actions, Defendant is liable for compensatory and punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant for injunctive and equitable relief, reinstatement, back pay, compensatory damages in the amount of TWO MILLION DOLLARS ($2,000,000.00); punitive damages in amount proven at trial, together with pre-judgment interest, and costs and attorney's fees to the extent recoverable by law, and for such other and further relief as may be just and equitable.

Trial by jury is demanded.

                              Respectfully submitted,

                                   **TERA DUDIS**
                                   By Counsel

**JAMES RIVER LEGAL ASSOCIATES**
**7601 Timberlake Road**
**Lynchburg, Virginia 24502**
**P (434) 845-4529**
**F (434) 845-8536**
**mvalois@vbclegal.com**

**By: /s/ M. Paul Valois**
    **M. Paul Valois, Esquire**
    **Counsel for Defendant**
    **Virginia State Bar No. 72326**