IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| **TERA DUDIS,** *Plaintiff* | ) ) ) | |
| v. | ) ) | CIVIL CASE NO. 6:20CV00073 |
| **CENTRA HEALTH, INC.,** *Defendant.* | ) ) ) | JURY TRIAL DEMANDED |

## PLAINTIFF'S CORRECTED MEMORANDUM IN SUPPORT OF HER MOTION TO FILE FIRST AMENDED COMPLAINT

### BACKGROUND

Plaintiff Tera Dudis offers this corrected memorandum[1] in support of her Motion for Leave to file a First Amended Complaint (the proposed First Amended Complaint is attached to the Motion for Leave to file a First Amended Complaint as **EXHIBIT A**).

### LEGAL STANDARD

Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

A party may move at any time to amend its Complaint by leave of the court, and "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has declared that "this mandate is to be heeded," explaining that: [i]n the absence of any apparent or

---

1  Counsel for Plaintiff drafted and filed the original motion and memorandum on February 5, 2021, however the software used for rendering the PDF file did not function properly and the resulting PDF documents for this and other documents counsel filed in another case on February 5th were truncated.  This document has been printed and scanned directly to PDF for filing and so it is not searchable.

declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.' *Foman v. Davis* 371 U.S. 178, 182 (1962) (reversing denial of motion to vacate judgment and allow amendment of Complaint).

## ARGUMENT AND AUTHORITIES

As the proposed First Amended Complaint is being filed within 21 days of the filing of the defendant's Rule 12(b)(6) motion, it timely filed as a matter of the Plaintiff's right to amend without leave under Rule 15(a)(1)(B).

With regard to the exercise of discretion of this Court to grant leave to amend, the Fourth Circuit has interpreted the "liberal rule" of 15(a) to "provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.' " *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (reversing denial of motion to amend) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (same)).

As the proposed First Amended Complaint does not raise any new counts or claims, it is clearly not prejudicial to any of the defendants. Furthermore, the Plaintiff has not acted in bad faith as the proposed First Amended Complaint seeks only to amplify her claim. There has been no dilatory conduct; indeed, neither counsel for Plaintiff nor counsel for the defendants have submitted any discovery requests or subpoenas and the proposed First Amended Complaint will not increase either the scope or cost of discovery. Finally, the proposed First Amended Complaint is not futile as it serves to clarify and narrow the issues in the case.

## CONCLUSION

For all of the foregoing reasons, Plaintiff prays that this Court grant her leave to file the proposed First Amended Complaint.

Respectfully submitted,

**TERA DUDIS**
**By Counsel**

**By:** **/s/ M. Paul Valois**
**M. Paul Valois (VSB No. 72326)**
**Counsel for Plaintiff**
**JAMES RIVER LEGAL ASSOCIATES**
**7601 Timberlake Road**
**Lynchburg, Virginia 24502**
**Telephone: (434) 845-4529**
**Facsimile: (434) 845-8536**
**[Email: mvalois@vbclegal.com]**

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February, 2021, I electronically filed the foregoing Memorandum with the Clerk of this Court using the CM/ECF system, which will automatically send notice of this filing to all counsel of record.

/s/   M. Paul Valois